UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAULA ROBINSON,

                              Plaintiff,

                - *against* -                          13 Civ. 2370 (NSR) (LMS)

COMMISSIONER OF SOCIAL SECURITY,        REPORT AND RECOMMENDATION

                              Defendant.

TO:   THE HONORABLE NELSON S. ROMÁN,
      UNITED STATES DISTRICT JUDGE

I.    INTRODUCTION

       Pro se plaintiff Paula Robinson (hereinafter "Plaintiff") seeks judicial review, pursuant to

42 U.S.C. § 405(g), of a decision of defendant Commissioner of Social Security (hereinafter "the

Commissioner") awarding her Social Security Disability Insurance Benefits as of October 29,

2010.  Docket Entry #2, Complaint at 1.  Before the Court is the Commissioner's motion to

dismiss the action for (1) lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1);

and (2) failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P.

12(b)(6).  For the reasons set forth below, I conclude, and respectfully recommend that Your

Honor should conclude, that the Commissioner's motion to dismiss should be granted and this

action should be dismissed.

II.   BACKGROUND

       On October 24, 2008, plaintiff filed an application for Social Security Disability

Insurance benefits, alleging an inability to work due to diabetes, a liver problem, and vision

impairment.  Docket Entry #17, Admin. Rec. at 10.  In her application, plaintiff claimed the

onset date of her disability was July 22, 2008.  Id. at 34.  The Social Security Administration

denied the claim on January 21, 2009.  Id.  On March 12, 2009, plaintiff filed a written request

for a hearing before an Administrative Law Judge (hereinafter "ALJ").  Id.  On January 27, 2010,

ALJ Jeffery M. Jordan conducted a hearing at which Plaintiff appeared pro se.  Id. at 109-11.  On

January 28, 2010, ALJ Jordan issued a written decision in which he denied plaintiff's application,

finding that plaintiff had not been disabled within the meaning of the Social Security Act at any

time since October 24, 2008, the date her application was filed.  Id. at 34-41.  Plaintiff thereafter

requested review of ALJ Jordan's decision.  Id. at 112.  On February 23, 2011, the Social

Security Appeals Council granted plaintiff's request and remanded the matter to an ALJ.  Id. at

44-46.

On June 13, 2011, ALJ Kenneth Scheer conducted a hearing at which plaintiff again

appeared pro se.  Id. at 18.  After conducting a de novo review of the evidence, ALJ Scheer

found that an MRI dated October 29, 2010, showed that plaintiff suffered from disc herniations

as of that date, which ALJ Scheer found qualified as a disability within the meaning of the Social

Security Act.  Id.  ALJ Scheer asked plaintiff if she wished to amend the onset date of disability

alleged in her applicaton to October 29, 2010, which resulted in the following colloquy:

> ALJ:        That means you would not be getting any disability before
>             that date, but as of that date, you would be disabled.  Do you
>             want a chance to think about it or –
>
> Plaintiff:   I need financial assistance.  I need –
>
> ALJ:        No, no, all right.  So – well, is this [sic] going to mean that
>             you're disabled, no more appeals, no more anything, but I
>             don't want you to be strong-armed into anything.  I think that
>             this is fair in looking it over.  This is the first date that I see
>             that I could truly find that you were disabled.  You could
>             always say, no, Judge, I don't want to take that date and take
>             your chances on a hearing in which you believe or you
>             applied for SSI in October 2008.  I'm telling you that I can
>             find you disabled as of October 2010 with the MRI because

2

> I found a medically-determinable record which I need showing the disabilities that I believe you have. So you – if there was a lawyer here, the lawyer and I would talk and he'd say – he'd give you advice. There is no lawyer, you're handling it yourself. I'm offering you the opportunity, if you want –

Plaintiff:    Okay. Yes.

ALJ:    Would you like to amend your onset date to October the 29th of 2010?

Plaintiff:    Yes.

ALJ:    Okay. Understanding that you will not be getting disability before that date, but that I will find you're disabled as of that date, okay?

Plaintiff:    Yes. Okay. Thank you.

Id. at 21-22.

ALJ Scheer deemed the Petition amended, and found that plaintiff was disabled as of the amended onset date, October 29, 2010. Id. at 15. On September 7, 2011, plaintiff requested review of ALJ Scheer's decision by the Appeals Council, claiming that she had actually been disabled since October, 2008. Id. at 4. On March 15, 2013, the Appeals Council denied plaintiff's request for review, stating that plaintiff did "not provide a basis for changing the Administrative Law Judge's decision." Id. at 1-2.

On April 9, 2013, plaintiff commenced this action seeking judicial review of the Commissioner's decision, pursuant to 42 U.S.C. § 405(g). Docket Entry #2, Complaint. Plaintiff alleges that "the decision of [ALJ Scheer] was erroneous, not supported by substantial evidence in the record, and/or contrary to law." Id. at ¶ 9. Plaintiff again asserts that she is disabled, due to hypertension, diabetes, bronchitis, and the herniated disc, and that such disability dates back

to 2008. Id. at ¶4-5. On April 19, 2013, Judge Román referred this matter to me for Social

Security purposes. Docket Entry #7, Order of Reference.

On September 10, 2013, the Commissioner answered. Docket Entry #16, Answer. On

the same day, the Commissioner moved to dismiss for (1) lack of subject matter jurisdiction,

pursuant to Fed. R. Civ. P. 12(b)(1); and (2) failure to state a claim upon which relief may be

granted, pursuant to Fed. R. Civ. P. 12(b)(6). Docket Entry #18, Notice of Motion at 1. The

Commissioner contends that ALJ Scheer's decision was fully favorable to plaintiff and,

therefore, it presents no case or controversy subject to review under 42 U.S.C. § 405(g). Docket

Entry #19, Memorandum in Support at 1.

On October 25, 2013, plaintiff responded in opposition to the Commissioner's motion.

Docket Entry #22, Opposition. Plaintiff essentially contends that at the time of the June 13,

2011, hearing in front of ALJ Scheer, she was pressured into amending the onset date of

disability in her application for benefits. Id. Specifically, plaintiff claims that, in response to

ALJ Scheer's proposal that plaintiff amend her petition, she "did not exert her freedom of choice

because of economic and emotional duress." Id. Plaintiff asserts that she felt pressured to accept

the proposal "because she was dealing with difficult ongoing life issues, and felt completely

overloaded," adding that, if she did not acquiesce to the proposed amendment, she would fall

deeper into poverty. Id.

In reply, the Commissioner avers that nothing the record indicates that plaintiff was

"unfairly coaxed" into amending the alleged onset date of disability. Docket Entry #23, Reply

Memorandum in Support at 1. The Commissioner contends that plaintiff "acted freely and

knowingly in accepting the proposed onset date." Id. The Commissioner concludes that plaintiff

thus received a fully favorable decision on her claim. Id. at 2.

**III.**   **DISCUSSION**

**A.**   **Lack of Subject Matter Jurisdiction**

Under Fed. R. Civ. P. 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  A plaintiff asserting subject matter jurisdiction must establish its existence by a preponderance of the evidence.  Id.  A court evaluating a motion to dismiss for lack of subject matter jurisdiction "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff."  Natural Resources Defense Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006) (internal quotation marks and citation omitted).  However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  Morrison v. National Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks and citation omitted).  Therefore, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations."  Guadagno v. Wallack Ader Levithan Assocs., 932 F.Supp. 94, 95 (S.D.N.Y. 1996) (Opn. by Rakoff, J.).  The court may "look to materials outside the pleadings, including affidavits."  DeBoe v. Du Bois, 503 Fed.Appx. 85, 86 (2d Cir. 2012).

Article III, § 2, "of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies,' " Chafin v. Chafin, __ U.S. __, 133 S.Ct. 1017, 1023 (2013); accord Russman v. Bd. of Educ. of Enlarged City School Dist. of Watervliet, 260 F.3d 114, 118 (2d Cir. 2001), which limits such courts "to resolving the legal rights of litigants in actual controversies." Genesis Healthcare Corp. v. Symczyk, __ U.S. __, 133 S.Ct. 1523, 1528 (2013) (internal quotation marks and citations omitted).  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely

5

to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

Section 405(g) of the Social Security Act states, in relevant part:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he [or she] was a party . . . may obtain a review of such decision by a civil action . . .   Such action shall be brought in the district court of the United States . . .

"Section 405(g) assumes as a condition for judicial review that the [administrative] determination . . . will be adverse to the claimant of benefits." Jones v. Califano, 576 F.2d 12, 18 (2d Cir. 1978).  In other words a complainant who has received a fully favorable decision generally may not obtain judicial review of that determination through section 405(g) of the Social Security Act.  Wheeler v. Heckler, 719 F.2d 595, 600 (2d Cir. 1983); Heller v. Comm'r of Soc. Sec. 328 Fed. Appx. 74, 74 (2d Cir. 2009) ("We have long held that our judicial review over Social Security determinations pursuant to 42 U.S.C. § 405(g) 'makes no provision for judicial review of a determination favorable to the complainant.' " (quoting Jones, 576 F.2d at 19)).

Several district courts have addressed facts similar to those at issue here.  In each case, the court concluded that the plaintiff's amendment of the onset date of disability and the resulting award of disability benefits as of that amended onset date constituted a fully favorable determination, meaning that there was no case or controversy before the court.  See Stewart v. Astrue, No. 10 Civ. 3922 (SJF), 2012 WL 32615, *2 (E.D.N.Y. Jan. 4, 2012); Bruno v. Astrue, 09 Civ. 4690 (JSR) (DF), 2010 WL 5653398, *5 (S.D.N.Y. Sept. 16, 2010); Louis v. Commissioner, 07 Civ. 0557 (TJM) (GHL), 2008 WL 1882707, *2 (N.D.N.Y. Apr. 10, 2008) (Report & Recommendation), adopted by, 2008 WL 1882706, *1 (N.D.N.Y. Apr. 23, 2008), aff'd, 349 Fed. Appx. 576, 578 (2d Cir. 2009).

In <u>Bruno</u>, for instance, the plaintiff applied for disability benefits as of June 16, 1997.  At an administrative hearing, the ALJ proposed, based on the medical evidence available, that the plaintiff amend the alleged onset date of her disability to September 21, 2004, on the basis that plaintiff had established her disability as of such date.  2004 WL 5653398, at *2.  The ALJ explained that by amending the onset date she would no longer have a claim prior to that amended date.  <u>Id.</u> at *3.  The plaintiff's attorney further explained that by accepting the amended onset date, "she would not have the right to re-open" her case.  <u>Id.</u> at *2 (internal citation omitted).  The plaintiff and the ALJ then entered into the following colloquy:

| | |
|---|---|
| ALJ: | Basically the alleged on-set date is September 1 [sic], 2004.  So, if that's acceptable to you, right? |
| Claimant: | Yeah, I have no other choice. |
| ALJ: | Well, you do have a choice, I mean, you can, you can, we can have a hearing, and you're entitled to allege[], you know whatever on-set date you like.  I'm not, I'm not the one that, you know forcing you to, to, to accept this. |
| | We were just trying to work this out, and you know, it's not it's not anything you should feel you're being forced to, and you discussed this with your Attorney, didn't you? |
| Claimant: | Yes. |
| ALJ: | All right, I, I just want to know if that's acceptable to you. |
| Claimant: | Yeah. |
| ALJ: | All right, so then that's what we'll do. We'll amend your application accordingly, and I'll send out a written decision to you at your address. |
| Claimant: | Okay. |

<u>Id.</u>  The ALJ thereafter issued a decision finding that plaintiff was disabled as of September 21, 2004.  <u>Id.</u>

The plaintiff subsequently commenced an action in district court, challenging the denial of benefits for the period between the original onset date and the amended onset date. Id. at *4. The court held, however, that it lacked subject matter jurisdiction over the matter because the plaintiff had received a fully favorable determination at the administrative level. Id. at *5. It reasoned that "Plaintiff received all of the relief to which she could have been entitled, given the amended disability onset date." Id. at *5. The court added that "the ALJ granted Plaintiff precisely what she asked for: a determination of disability as of September 21, 2004 . . . , which, in turn, resulted in a full award of SSI benefits from that date forward. Under these circumstances, the decision should be viewed as fully favorable." Id.

The reasoning in Bruno governs the determination of this matter, as the relative facts are analogous. Plaintiff here consented to the amendment of the alleged onset date of her disability to October 29, 2010, and ALJ Scheer awarded her disability benefits as of that date.

The fact that the plaintiff in Bruno was represented by counsel at the time of the amendment of her petition does not distinguish that case from the matter at hand. In Bruno, the Court held that the ALJ "made [Plaintiff] aware of the effect of amending the onset date," 2004 WL 5653398 at *6, and, therefore, "Plaintiff knowingly and voluntarily consented to amend the alleged onset date. . . " Id. at *5. Here, ALJ Scheer likewise informed plaintiff that she could amend her petition and receive benefits as of the amended onset date of disability or proceed to a hearing on her petition. Docket Entry #17, Admin. Rec. at 21-22. ALJ Scheer repeatedly reinforced that he did not intend to pressure plaintiff to agree to the proposed amendment and that she was free to proceed to a hearing. See id. Further, ALJ Scheer emphasized that by accepting the proposed amended onset date, plaintiff would give up all rights to appeal. Id. It was not until after hearing all of ALJ Scheer's admonitions that plaintiff stated that she

understood the ramifications of amending the alleged onset date of disability and agreed to such amendment.  Id.

As in Bruno, plaintiff here consented to the amendment of the alleged onset date of disability in her petition.  She received a determination of disability dating back to such date, as well as an accompanying award of benefits.  Therefore, plaintiff received a fully favorable determination in the administrative proceeding.

Plaintiff also argues that her consent to the amendment of her petition was a nullity because she was pressured into agreeing to such amendment by the ALJ, and due to her own internal, personal, and financial constraints.  Docket Entry #22, Opposition.  Specifically, plaintiff claims that "at the time of the hearing she did not exert her freedom of choice because of economic and emotional duress."  Id.  She also argues that had she not amended the onset date, the lack of financial relief "would have pushed her deeper into poverty."  Id.  Further, plaintiff claims that she felt pressured to amend the onset date because "she was dealing with difficult ongoing life issues, and felt completely overloaded."  Id.  Construing her arguments liberally, plaintiff seems to assert that she was deprived of due process because she was coerced into accepting ALJ Scheer's proposal to amend the onset date of disability in her petition.

In some instances, courts have held that in the context of a proceeding brought pursuant to 42 U.S.C. § 405(g), an allegation of a constitutional deprivation may provide an independent basis to reopen the underlying administrative proceeding.  See e.g. Hannigan v. Astrue, 08 Civ. 1349 (PK), 2010 WL 3852353, *3 (D. Or. July 15, 2010) ("a claimant raises a colorable constitutional claim if she requests to reopen on the grounds that she suffered from a mental impairment and was not represented by counsel in the earlier proceeding and the ALJ denies the request." (internal quotation marks, brackets and citation omitted)).  However, such a claim must

be colorable.  See Holloway v. Schweiker, 724 F.2d 1102, 1105 (4th Cir. 1984) (constitutional

claim is not colorable where it "clearly appears to be immaterial and made solely for the purpose

of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." (internal

quotation marks and citation omitted)).

   Assuming, without deciding, that a procedural due process claim could provide an

independent basis for relief in this proceeding, plaintiff's argument is made up of nothing more

than unsupported allegations that have no basis in the record.  Plaintiff provides no evidentiary

support for her claims of duress, nor does the transcript of plaintiff's appearance before ALJ

Scheer buttress her contentions.  As stated before, ALJ Scheer engaged plaintiff in a detailed

discussion of the ramifications of the suggested amendment, and he repeatedly asserted that

plaintiff could elect to proceed to a hearing.  Therefore, plaintiff's argument is wholly without

merit.

   In sum, plaintiff received a fully favorable determination from ALJ Scheer.  Such fully

favorable determination presents no justiciable case or controversy for the Court, and, therefore,

the Court lacks subject matter jurisdiction over the matter.  See Wheeler, 719 F.2d at 600; Jones

v. Califano, 576 F.2d at 18.

   **B.     Failure to State a Claim**

   Under Fed. R. Civ. P. 12(b)(6), a district court may properly dismiss a complaint for

"failure to state a claim upon which relief can be granted[.]"  In order "[t]o survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for

relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Although pro se complainants must plead allegations sufficient to satisfy the plausibility standard, their allegations are to be "construed liberally and interpreted so as to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2006) (internal quotation marks and brackets omitted)).

The Complaint at issue asserts only one claim – that ALJ Scheer's determination "was erroneous, not supported by substantial evidence in the record, and/or contrary to law." Docket Entry #2, Complaint at ¶ 9.  However, as previously mentioned, ALJ Scheer's decision represented a fully favorable decision with respect to Plaintiff's amended complaint.  Therefore, the Complaint alleges no misconduct at the administrative level, and, consequently, it fails to state a claim upon which relief can be granted.

## IV.   CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the Commissioner's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim should be granted and that this action be dismissed.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Nelson S. Román at the Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas

Street, White Plains, New York, 10601, and to the Chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Román, and should not be made to the undersigned.

Dated: May 5, 2014
     White Plains, NY

                          Respectfully submitted,

                          Lisa Margaret Smith
                          United States Magistrate Judge
                          Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

Honorable Nelson S. Román, U.S.D.J.

Paula Robinson
2454 DeVoe Terrace
Unit #2
Bronx, NY 10468

Leslie A. Ramirez-Fisher
United States Attorney's Office
Southern District of New York
86 Chambers Street
3rd Floor
New York, NY 10007